RAMSAY<br>v.<br>HERNDON.

---

### RAMSAY and Another *v.* HERNDON.

The declaration in a suit by *Cunningham Ramsay* and *John Vattier* on a promissory note, described the note as payable to the plaintiffs by the name of *Ramsay* and *Vattier*. *Held*, that a note, payable on its face to *Ramsay* and *Vattier*, was not objectionable as evidence on the ground of variance. *Held*, also, that had the words in the declaration, " by the name of *Ramsay* and *Vattier*," been omitted, there would still have been no variance as to the names of the payees. *Held*, also, that the plaintiffs' possession of the note was sufficient evidence, *prima facie*, that they were the persons to whom the note was payable.

An indorsement on a note by the payees to themselves is a nullity.

ERROR to the *Tippecanoe* Circuit Court. <span style="float:right">*Monday,*<br>*June 8.*</span>

BLACKFORD, J.—This was an action of assumpsit, brought in 1836 by *Cunningham Ramsay* and *John Vattier* against the defendant, on a promissory note. The declaration states

May Term, 1840.

RAMSAY
v.
HERNDON.

that the note is payable to the plaintiffs by the name of *Ramsay* and *Vattier;* that the payees, by the name of *Ramsay* and *Vattier*, assigned the note to the plaintiffs; that the note is unpaid, &c. Plea, non assumpsit. The plaintiffs, on the trial, offered in evidence a note executed by the defendant, and payable, on its face, to *Ramsay* and *Vattier*. It was indorsed by the name of *Ramsay* and *Vattier* to the plaintiffs; and it agreed as to date, sum, &c. with the note described in the declaration. The defendant objected to the note as evidence, and the objection was sustained. Verdict and judgment, at the *November* term, 1838, for the defendant.

The statement in the declaration as to the assignment of the note by the payees to themselves, is mere surplusage.

The plaintiffs must be considered as suing in the character of payees, and averring that the note is payable to them by the names of *Ramsay* and *Vattier*.

There is no variance, therefore, as. to the names of the payees, between the note offered in evidence and that described in the declaration. Indeed, had the words in the declaration, " by the name of *Ramsay* and *Vattier*," been omitted, there would still have been no variance as to the names of the payees, as *Ramsay* and *Vattier* are the surnames of the plaintiffs.

The indorsement on the note by the payees to themselves is a nullity.

We are of opinion further, that the plaintiffs' possession of this note, payable as shown by its face to *Ramsay* and *Vattier*, is sufficient evidence, *prima facie,* that the plaintiffs' are the persons to whom the note is payable. *Taylor* v. *Coquillard, May* term, 1839.

The case now before us is distinguishable from that .of *Fraser* v. *Spofford et al., Nov.* term, 1839. In that case, there was nothing on the face of the note tending to show that *Kimball,* one of the plaintiffs, was one of the payees of the note.

*Per Curiam.*—The judgment is reversed, and the proceedings subsequent to the verdict inclusive set aside, with costs. Cause remanded, &c.

*A. Ingram* and *C. B. Smith*, for the plaintiffs.

*S. C. Willson*, *H. S. Lane*, *T. A. Howard*, and *W. P. Bryant*, for the defendant.